IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HERBERT SHAWN NOWLIN, JR., #13880-084                                              PETITIONER

VS.                                                            CIVIL ACTION NO. 3:16-cv-131-CWR-FKB

WARDEN MOSLEY                                                                       RESPONDENT

REPORT AND RECOMMENDATION

  This cause is before the Court on the Petition for Writ of Habeas Corpus filed by Herbert Shawn Nowlin, Jr., pursuant to 28 U.S.C. § 2241. The government has filed a Response [13] in opposition to the Petition with supporting Memorandum [14], to which Nowlin has not responded. For the reasons discussed below, the undersigned recommends denial of the Petition and dismissal of this matter without prejudice for lack of jurisdiction.

I. PROCEDURAL BACKGROUND

  Petitioner, incarcerated at FCI-Yazoo City, was originally sentenced by the United States District Court for the Western District of Virginia to a term of one hundred thirty-seven (137) months, followed by a four-year term of supervised release, on charges of Using and Carrying a Firearm During a Drug Trafficking Offense and Distribution of More Than 5 Grams of Cocaine Base. 18 U.S.C. § 924(c); 21 U.S.C. § 841(A)(1); [13-2] at 14-16. Nowlin's sentence was imposed on June 15, 2009, while he was serving a state sentence, but he was not released to federal custody until June 13, 2011. [13-1] at 3; [13-2] at 3, 22. On October 3, 2011, the Western District of Virginia reduced his sentence of imprisonment to one hundred twenty (120) months. [13-2] at 20. According to the Bureau of Prisons ("BOP"), his projected release date is May 21, 2020. [13-1] at 2. Nowlin now challenges his sentence calculation, alleging that the BOP has

improperly denied him credit for time served in state prison, "from December 19, 2007, to July 19, 2011." [1] at 23. He also argues that the BOP erred when it did not grant him *nunc pro tunc* status, which would have allowed him to serve his federal sentence while still in state custody. *Id.* at 7.

## II.   DISCUSSION

The Respondent has filed a response to the petition and argues that Nowlin has failed to exhaust his administrative remedies. The Fifth Circuit has held that "exhaustion of administrative remedies is a prerequisite to filing a section 2241 petition." *See United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992); *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990). This exhaustion requirement has been upheld by the United States Supreme Court. *See Porter v. Nussle*, 534 U.S. 516 (2002); *see also Booth v. Churner*, 532 U.S. 731, 739 (2001)(The PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.).

The records show that Petitioner filed a Request for Administrative Remedy /Attempt at Informal Resolution on October 31, 2011, followed by a formal Request for Administrative Remedy on February 14, 2012. [1-1] at 5-9. The Warden denied Nowlin's Request for Administrative Remedy on March 8, 2012, finding that Petitioner's request for credit for time served while in state custody was precluded under 18 U.S.C. § 3585(b). *Id.* at 9. Nowlin appealed this denial to the Southeastern Regional Office of the BOP, which denied his Request for Administrative Remedy on May 24, 2012. *Id.* at 10; [13-3] at 3. No record exists of any appeal by Nowlin from the regional level to the national level, which is the Office of the General Counsel of the BOP.   [13-3] at 3.

As stated in Cleto, "exhaustion of administrative remedies is a prerequisite to filing a section 2241 petition." Petitioner has failed to exhaust properly his administrative remedies, therefore this Court has no jurisdiction to consider the petition, and it must be dismissed.

### III. CONCLUSION

For the reasons discussed in this Report and Recommendation, the Court finds that it is without jurisdiction to consider the § 2241 petition brought by Nowlin. Accordingly, this case should be dismissed for lack of jurisdiction.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.   28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 6th day of December, 2018.

    /s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE